IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-CV-033-KDB-DCK

| | |
|---|---|
| LOWES COMPANIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FERRANDINO AND SON, INC., )<br>)<br>Defendant. )<br>) | **STIPULATED PROTECTIVE<br>ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' proposed Stipulated Protective Order (Document No. 26) filed July 8, 2022. The Court adopts the parties Stipulated Protective Order.

Plaintiff Lowe's Companies, Inc. ("Plaintiff") and Defendant Ferrandino and Son, Inc. ("Defendant") (collectively, "the Parties"), by and through their respective counsel, stipulate and agree, and the Court **ORDERS** as follows:

1. **Scope**. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all depositions testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

2. **Form and Timing of Designation**. A party or nonparty may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "AEO") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL or AEO designation. Documents shall be designated CONFIDENTIAL or AEO prior to or at the time of the production or disclosure of the documents by a party. With respect to documents produced by a nonparty subject to a subpoena or otherwise, the parties will have thirty (30) days from receipt of the production to designate material as CONFIDENTIAL or AEO. A CONFIDENTIAL or AEO designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL**. Any party or nonparty may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, trade secrets, personnel records, or such other sensitive information that is not publicly available. Third party, as used herein, is defined as not including paid software and hardware consultants, accountants, or attorneys of the parties. Public records and other information or documents that are publicly available through no fault of a party may not be designated as CONFIDENTIAL.

4. **Documents Which May be Designated AEO**. Any party or nonparty may designate as AEO and subject to this Order any documents or information that meet the test set forth in Paragraph 3, but as to which the producing party also asserts in good faith that the information is

so competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the producing party.

5. **Depositions**. Deposition testimony and exhibits shall be deemed CONFIDENTIAL or AEO only if designated as such. Counsel for any party or witness may designate testimony and exhibits as CONFIDENTIAL or AEO at the time of the deposition or within thirty (30) days after receipt of the deposition transcript. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL or AEO. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL or AEO, pending objection under the terms of this Order.

6. **Protection of Confidential or AEO Material**.

   (a) **General Protections**. Documents designated CONFIDENTIAL or AEO under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in 6(b) or (c) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

   (b) **Protection of Documents Designated CONFIDENTIAL**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents or information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review documents or information that have been designated CONFIDENTIAL:

   (1) **Counsel.** Outside and in-house counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

   (2) **Parties**. Parties and employees of a party to this Order;

   (3) **Former employees**. Former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

   (4) **Custodians**. The authors and any original recipients of the documents;

   (5) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(6) **Consultants, Investigators and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND;

(7) **Third Party Service Providers**. Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

(8) **Mediators**. Any mediators before whom the parties agree to mediate disputes; and

(9) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND.

(c) **Protection of Documents Designated AEO**. Use of any information, documents, or portions of documents marked AEO, including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

(1) Outside counsel of record for the parties, and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) One designated representative from in-house counsel for the parties;

(3) Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND;

(4) The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

(5) Any mediators before whom the parties agree to mediate disputes;

(6) The authors and the original recipients of the documents;

(7) Any court reporter or videographer reporting a deposition;

(8) Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action; and

(9) Any other person agreed to in writing by the parties or such persons as permitted by the Court upon a showing of good cause.

Persons not identified in paragraph 6 may be interviewed or examined by any party concerning CONFIDENTIAL or AEO documents, including the disclosure thereof, when that person had prior knowledge of the documents.

(d) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or AEO pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

(e) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or AEO under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(f) **Electronic Copies.** In the event the designating party produces information or materials in electronic form which has been designated "CONFIDENTIAL" or "AEO" pursuant to the terms hereof, then if that information or material is copied or printed by the party receiving such information or materials, it is agreed and understood the materials will be appropriately labeled as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the copied or printed version of the information or materials.

(g) **Inadvertent Production.** The Parties are to make a good faith effort to designate documents properly at the time of production. However, inadvertent or unintentional disclosure by any Party (a "Producing Party") of documents without any designation will not be deemed a waiver of a Party's claim of confidentiality, privilege, or any other

protection, either as to the specific document or information contained therein, and the Parties, upon notice thereafter, are to treat such documents as Confidential or AEO.

   a. Upon receipt of such notice, the party receiving the document (the "Receiving Party") may nonetheless challenge the subsequent designation as set forth herein. The Parties agree that the mere fact that the designation was not made at the time of production shall not be raised by the Receiving Party as a basis to claim that the Producing Party waived its designation, privilege or other protection, but instead the Parties shall make arguments solely as though the designation, privilege or other claimed protection had been made on the date of production. A Receiving Party is to make a good faith effort to locate and mark appropriately any documents upon receipt of such notice. If, between the time of production and notification, the subject document was provided by a Receiving Party to persons other than those who would be entitled to review the document under this Order (a "Qualified Person"), the Receiving Party shall promptly notify all non-Qualified Persons to whom the subject document had been disclosed of such document's Confidential or AEO designation and request that all such non-Qualified Persons return such document to the Receiving Party or execute the Confidentiality Agreement to be bound by the terms of this Order attached hereto as Attachment A, ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND. In the event that any non-Qualified Person to whom such document had been disclosed fails or declines to return the Confidential or AEO material or execute Attachment A, the Receiving Party shall promptly notify the Producing Party and not oppose any reasonable efforts by the Producing Party to retrieve the Confidential or AEO material from the non-Qualified Person or obtain the non-Qualified Person's agreement to abide by the terms of this Order.

   b. Inadvertent production of privileged or work product protected documents shall be subject to further protection pursuant to paragraph 12. In the case of any privileged or work product protected documents, upon receipt of such notice, the Receiving Party is to make a good faith effort to destroy or return any such documents, including any copies that may have been provided by a Receiving Party to any Qualified Person or non-Qualified Person. In the event that any Qualified Person or non-Qualified Person to whom such document had been disclosed fails or declines to return the document, the Receiving Party shall promptly notify the Producing Party and not oppose any reasonable efforts by the Producing Party to retrieve the document.

7. **Filing of CONFIDENTIAL or AEO Documents Under Seal.** To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL or AEO, then the brief, memorandum or pleading shall refer the Court to the particular document filed under seal without disclosing the contents of any confidential information.

(a) Before any document marked as CONFIDENTIAL or AEO is filed under seal with the Clerk, the filing party may first consult with the party that originally designated the document as CONFIDENTIAL or AEO to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b) If no agreement is entered; then any CONFIDENTIAL or AEO document being filed with the Clerk shall be filed under seal pursuant to Local Rule 6.1 and applicable law.

(c) To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL or AEO documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal.

8. **Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL or AEO designation is subject to challenge by any party or nonparty with standing to object. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or AEO designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an Order relating to any documents designated CONFIDENTIAL or AEO shall be by motion under the local rules and any other procedures set forth in the standing orders or other relevant orders. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as CONFIDENTIAL or AEO subject to the provisions of this Order. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL or AEO documents or information derived therefrom, such party shall provide advance notice to the other party and Court at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL or AEO documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

    (a) **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Return of Confidential or AEO Documents**. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL or AEO under this Order, including copies as defined in 6(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL or AEO, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL or AEO under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL or AEO documents.

    (c) **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

(d) **Ultimate Disposition Subject to Court Order**. The ultimate disposition of protected materials is subject to a final order of the Court on the completion of the litigation.

12. **Privileged or Work Product Protected Documents.** The production of privileged or work product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to limit a party's right to conduct a review of documents for relevance, responsiveness, or segregation of privileged and/or protected information before production.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the local rules or other relevant orders.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL or AEO by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue. Neither the designation of any information, document, or the like as CONFIDENTIAL or AEO, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and person made subject to this Order by its terms.

**IT IS SO ORDERED**.

_____
David C. Keesler
United States Magistrate Judge

| **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order** | **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order** |
|---|---|
| /s/ Benjamin E. Shook<br>Scott M. Tyler (N.C. Bar No. 23300)<br>Benjamin E. Shook (N.C. Bar No. 44793)<br>James C. Manning (N.C. Bar No. 49372)<br>MOORE & VAN ALLEN PLLC<br>100 N. Tryon Street, Suite 4700<br>Charlotte, NC  28202-4003<br><br>*Attorneys for Plaintiff* | /s/ Kasi W. Robinson<br>Clint S. Morse (N.C. Bar No. 38384)<br>Kasi W. Robinson (N.C. Bar No. 52439)<br>BROOKS, PIERCE, MCLENDON,<br>HUMPHREY & LEONARD, LLP<br>2000 Renaissance Plaza<br>230 North Elm Street<br>Greensboro, NC 27401<br><br>*Attorneys for Defendant* |

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CASE NO. 5:22-CV-033-KDB-DCK

| | |
|---|---|
| **LOWE'S COMPANIES, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **FERRANDINO AND SON, INC.,** <br><br> **Defendant.** | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

  The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court, Western District of North Carolina in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

  The undersigned acknowledges that violation of the Protective Order may result m penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  _____
                      Signature