# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:22-CV-00033-KDB-DCK

| | |
|---|---|
| LOWE'S COMPANIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FERRANDINO AND SON, INC., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Ferrandino and Son Inc.'s ("Ferrandino") Partial Motion to Dismiss (Doc. No. 13). In this action, Plaintiff Lowe's Companies, Inc. ("Lowe's") asserts claims against Ferrandino, which provided facilities' services to Lowe's, for breach of contract and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). Ferrandino's motion seeks the dismissal of Lowe's UDTPA claim. The Court has carefully reviewed the motion and considered the parties briefs and exhibits. For the reasons discussed blow, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012). A complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts

1

in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). Further, a court is not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *see also Miller v. Pacific Shore Funding*, 224 F.Supp.2d 977, 984 n.1 (D. Md. 2002) ("When the bare allegations of the complaint conflict with any exhibits or documents, whether attached or adopted by reference, the exhibits or documents prevail") (citing *Fayetteville Investors v. Commercial Builders, Inc*., 936 F.2d 1462, 1465 (4th Cir. 1991)); *Sec'y of State for Defense v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Lowe's, a large home improvement retailer, operates or services nearly 2,200 home improvement and hardware stores in the United States and Canada. Defendant Ferrandino is in the business of "construction and facility maintenance solutions," providing facility services in various industries across all 50 states. In 2010, Lowe's contracted with Ferrandino for various services related to facility maintenance. Doc. No. 13 at 2. Those services included parking lot sweeping, snow and ice removal, landscaping, plumbing, and more. *Id.*

Ferrandino provided its services subject to a Master Professional Services Agreement ("MPSA") and multiple Statements of Work ("SOWs"). Doc. No. 19 at 2. Under the MPSA, each SOW specified agreed upon fixed prices and/or time and materials charges. *Id*. at 2-3. Ferrandino

2

invoiced Lowe's based on the prices specified by each SOW, and as required by the MPSA, provided Lowe's with a description of the services provided and additional documents verifying certain fees and expenses. *Id*. at 3. The parties also contracted for Lowe's to have the right to audit Ferrandino's records. Doc. No. 13 at 3. In the event that the audit uncovered non-compliance with the provisions of the MPSA or applicable SOW, the contract contained bargained for remedies.[1] *Id*. Additionally, the parties' agreed to participate in an informal dispute resolution process where any disputes not resolved through negotiation would be submitted to mediation. *Id*.

In early 2018, Lowe's hired an independent firm to conduct an audit of the invoices and billings Ferrandino sent between November 1, 2014, and October 31, 2017. *Id*. According to Lowe's, the audit revealed that Ferrandino submitted invoices to Lowe's which contained "discrepancies" that resulted in overbilling for equipment usage fees, other fees, and materials that were not invoiced or paid to or used by its subcontractors. *Id.* at 11. Lowe's shared the audit results with Ferrandino and demanded reimbursement as provided by the MPSA. Doc. No. 19 at 3. The parties then went through the informal dispute resolution process but were unsuccessful. *Id*.

Lowe's timely filed this action asserting claims against Ferrandino for breach of contract and violation of the UDTPA, specifically complaining that Ferrandino purposefully deceived Lowe's by misrepresenting the work it performed and the materials it purchased in order to obtain additional payments that Lowe's did not owe. Doc. No. 19 at 6.

### III. DISCUSSION

The UDTPA, N.C. Gen. Stat. § 75-1.1, et seq., "makes unlawful unfair or deceptive acts or practices in or affecting commerce that proximately injures a plaintiff." *Duke Energy Carolinas,*

---

[1] If Lowe's can show that Ferrandino misrepresented its expenditures when submitting its invoices, Lowe's is entitled to repayment, plus costs of the audit and attorney's fees, plus punitive interest. MPSA § 10.4.

3

*LLC v. NTE Carolinas II, LLC*, No. 319CV00515KDBDSC, 2022 WL 2293908, at *18 (W.D.N.C. June 24, 2022). For Lowe's to prevail on its UDTPA claim it must show that "(1) [Ferrandino] committed an unfair or deceptive trade practice, (2) the act or practice in question was in or affecting commerce; and (3) the act or practice proximately caused injury to the plaintiff." *Elsayed v. Family Fare* LLC, 2020 WL 4586788 at *14 (M.D.N.C. Aug. 10, 2020).

A trade practice is unfair "when it offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers," and deceptive "if it has the capacity or tendency to deceive…." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). Commerce is defined as "all business activities." N.C. Gen. Stat. N.C. Gen. Stat. § 75-1.1(b). North Carolina courts have interpreted business activities broadly. *See Bhatti v. Buckland*, 328 N.C. 240, 400 S.E.2d 440, 444 (N.C. 1991). Business activities is defined as "the manner in which businesses conduct their regular, day-today activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *Sara Lee Corp. v. Carter*, 351 N.C. 27, 519 S.E.2d 308, 311 (N.C. 1999).

Our courts have often been called upon to apply these principles to UDTPA claims arising out of contractual disputes, including Lowe's' UDTPA claim here related to Ferrandino's alleged breach of the parties' contract. Indeed, a UDTPA count is included as a boilerplate claim in most all commercial disputes because proof of unfair and deceptive trade practices entitles a plaintiff to treble damages and the possibility of an award of attorneys' fees. *See Allied Distributors, Inc. v. Latrobe Brewing Co.,* 847 F. Supp. 376, 379 (E.D.N.C. 1993). To discourage this tendency, and to reign in the "extraordinary damages authorized by the UTPA, North Carolina courts have repeatedly held that a 'breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [the UPTA,] N.C.G.S. § 75–1.1.'" *Broussard v. Meineke Disc. Muffler*

4

*Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998) (quoting *Branch Banking & Trust Co. v. Thompson,* 107 N.C.App. 53, 418 S.E.2d 694, 700 (1992)). Instead, a plaintiff must show "substantial aggravating circumstances attending the breach." *Id*.

Thus, the question before the Court is whether Lowe's has sufficiently pled "substantial aggravating circumstances" to continue its UDTPA claim. Lowe's argues that it has alleged substantial aggravating circumstances because Ferrandino "intentionally misrepresented" charges for nonexistent work and materials. But there are no specific allegations as to how any "deception" was accomplished beyond the allegation that the invoices were overstated or "manufactured," as found during Lowe's audit. The Court cannot find sufficient aggravating circumstances based merely on the fact that Lowe's audit uncovered discrepancies in Ferrandino's invoices, even allegedly "intentional" breaches of contract. In sum, Lowe's cannot convert its breach of contract claim into a UDTPA claim simply by making conclusory claims of deception and misrepresentation. *See US LEC Commc'ns, Inc. v. Qwest Commc'ns Corp.*, No. 3:05-CV-00011, 2006 WL 1367383, at *3 (W.D.N.C. May 15, 2006). Otherwise, nearly all contractual disputes would too easily be transformed into UPTPA actions, contrary to well settled North Carolina law.

Moreover, Ferrandino's alleged conduct of attempting to obtain additional payments by misrepresenting its expenditures was a scenario directly contemplated by the parties' contract. *See* MPSA § 10.4. And the parties explicitly agreed to specific enhanced remedies for Ferrandino's alleged improper conduct in their contract. Thus, allowing Lowe's UDTPA claim would effectively rewrite the parties' original agreement, which the Court should not and will not do. Accordingly, Lowe's' allegations do not constitute substantial aggravating circumstances and Lowe's has failed to state a claim under the UDTPA.

**IV. ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Partial Motion to Dismiss (Doc. No. 13) is **GRANTED**; and

2. This case shall proceed to a determination of the merits of Lowe's remaining claim in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 25, 2022

Kenneth D. Bell
United States District Judge